IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT D. POPE SR., | ) | 8:16CV438 |
| BARBARA J. POPE, | ) | |
| ROBERT D. POPE JR., and | ) | |
| RYAN D. POPE, | ) | |
| | ) | MEMORANDUM |
| Plaintiffs, | ) | AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| NP DODGE CORPORATE OFFICE, | ) | |
| JOHN KINNEY, and | ) | |
| JOSH LIVINGSTON, Rep, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiffs, who are all non-prisoner litigants proceeding pro se, initiated this action on September 20, 2016 (Filing No. 1). Robert D. Pope Sr., Barbara J. Pope, and Ryan D. Pope were granted leave to proceed in forma pauperis on September 27, 2016 (Filing No. 6). Robert D. Pope Jr. paid a $400.00 filing fee on November 17, 2016 (Text Entry). The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

On July 22, 2016, the court dismissed Case No. 8:16CV225, which was filed by these same Plaintiffs against the same Defendants and others. In that case, the court found that subject matter jurisdiction was lacking because "Plaintiff's pleadings contain factual allegations that are so implausible as to be fantastic or delusional" (Case No. 8:16CV225, Filing No. 15).

The Complaint filed in the present case is no better. Plaintiffs apparently believe they were the victims of a wiretapping crime, but their allegations are incomprehensible. Dismissal for lack of subject matter jurisdiction is therefore appropriate. See *Neitzke v. Williams*, 490 U.S. 319, 328 n.6 (1989) ("A patently

insubstantial complaint may be dismissed . . . for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)"); *DeGrazia v. F.B.I.*, 316 Fed. Appx. 172, 173 (3d Cir. 2009) ("A federal court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the allegations within the complaint 'are so attenuated and unsubstantial as to be absolutely devoid of merit, ... wholly insubstantial, ... obviously frivolous, ... plainly unsubstantial, ... or no longer open to discussion.'") (quoting *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

IT IS ORDERED that this action is dismissed without prejudice for lack of subject matter jurisdiction. Judgment will be entered by separate document.

DATED this 8th day of December, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge